No. 740 August 5, 2026 51

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRUCE WADE LOONEY,
*Defendant-Appellant.*

Tillamook County Circuit Court
24CR49813; A187444

Jonathan R. Hill, Judge.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Reversed and remanded for entry of an amended judgment; otherwise affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for one count of second-degree disorderly conduct, ORS 166.025. We remand for entry of an amended judgment and otherwise affirm.

In his only assignment of error, defendant contends that the trial court erred by including a provision in the judgment providing "[t]he court may increase the total amount owed by adding collection fees and other assessments" and stating that those "fees and assessments may be added without further notice to the defendant and without further court order." Defendant acknowledges that the portion of the judgment that authorizes "collection fees" is permitted by ORS 1.202, but asserts that that statute provides no authority for "other assessments." He requests that this court "remand for the trial court either to delete the offending provision or provide defendant with resentencing."

In response, the state concedes the error. We agree with and accept the state's concession. *State v. Martinez*, 347 Or App 273, 279, 587 P3d 428 (2026) (trial court lacked statutory authority to impose "other assessments" for the first time in the judgment).

Further, the state asserts that *Martinez* requires this court to remand for entry of an amended judgment and otherwise affirm. We agree with the state that that is the appropriate remedy in this case. *Id.* at 280 (concluding that when "the only error was the inclusion of terms in the judgment that the trial court had no authority to impose, the appropriate remedy is to remand with instructions to delete the erroneous terms from the judgment" (brackets and internal quotation marks omitted)).

We therefore reverse the portion of the judgment related to adding assessments to the total amount owed by defendant and remand to the trial court for entry of an amended judgment deleting the words "and other assessments" and "and assessments."

Reversed and remanded for entry of an amended judgment; otherwise affirmed.